UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | C.A. No.: 1:16-cr-10320-GAO-2 |
| v. | ) | |
| | ) | |
| JAMES GIANNETTA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NON-PARTY, MASSACHUSETTS DEPARTMENT OF STATE POLICE'S OPPOSITION TO THE DEFENDANT'S RULE 17 MOTION

### I.   INTRODUCTION

Now comes non-party, the Massachusetts Department of State Police ("Department"), in

the above entitled criminal action, and pursuant to Fed. R. Crim. P. 17(c)(2) hereby files this

opposition to the defendant's subpoena seeking confidential informant information from the

Department.

### II.   BACKGROUND

The Department received the defendant's subpoena pursuant to Fed. R. Crim. P. 17

seeking the production of the following materials from the Department:

> "All files, notes, documents regarding James Giannetta including his work as a
> cooperating source for the Mass State Police or any joint federal/state
> investigation including any contact between James Giannetta and MSP Trooper
> Shawn Murray."

See copy of defendant's subpoena, a copy of which is attached hereto as Exhibit A.

The Department opposes the defendants subpoena and respectfully moves that this

Honorable Court deny it as the defendant has failed to satisfy Fed. R. Crim. P. 17 criteria relating

to the production of third party records.  Specifically, the defendant has not made the requisite

preliminary showing that the documents he seeks are relevant to his case and/or are admissible at trial.  In addition, the defendant has failed to make the preliminary showing of specificity necessary to satisfy Rule 17.

### III.    STATEMENT OF LAW

As a general matter, Fed. R. Crim. P. 17 (c)(1) provides that "a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."  Furthermore, Fed. R. Crim. P. 17(c) provides that "[o]n motion made promptly, the Court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

The United States Supreme Court has ruled that Rule 17(c) is "not intended to provide a means of discovery in criminal cases," but was intended to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."  United States v. Nixon, 418 U.S. 683, 698-99 (1974) (citing Bowman Dairy v. United States, 341 U.S. 214, 220 (1951)). "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3rd Cir.1980).  The Rule "is designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial."  Id. at 144. Rule 17(c), therefore, "is not a discovery device, [it] confines a subpoena *duces tecum* to admissible evidence [and] authorizes the quashing of the subpoena if it is 'unreasonable or oppressive.'" United States v. Haldeman, 559 F.2d 31, 75 (D.C.Cir.1976).

2

Guided by these restrictions, the Supreme Court in <u>Nixon</u> concluded that the party seeking production of third party records under Rule 17 (c) "must clear three hurdles: [namely,] (1) relevancy; (2) admissibility; and (3) specificity." <u>Nixon</u>, 418 U.S. at 700. A subpoena which fails to satisfy any of these criteria will be deemed to be "unreasonable or oppressive" and, therefore, not subject to court enforcement. See <u>United States v. North</u>, 708 F.Supp. 402, 404 (D.D.C.1989)(concluding that the government's Rule 17(c) subpoena had to be quashed because it failed to satisfy the relevance, admissibility, and specificity requirements).

In determining whether a subpoena satisfies the relevance and admissibility tests under Rule 17(c), the Court must first assess whether the documents designated by the subpoena have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <u>United States v. Libby</u>, 432 F.Supp.2d 26, 31 (D.D.C. 2006). In the event that the Court considers the designated documents relevant, it must then determine if the records being sought are admissible. "This inquiry is largely governed by the Federal Rules of Evidence." <u>Id</u>.

Lastly, under the standards established in <u>Nixon</u>, the subpoena, in addition to seeking documents that are both relevant and admissible, must also be specific. 418 U.S. at 700. The burden rests with the party serving the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity." <u>United States v. Shinderman</u>, 232 F.R.D. 147, 150 (D.Me. 2005) citing <u>United States v. Skeddle</u>, 178 F.R.D. 167, 168 (N.D.Ohio 1996). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." <u>United States v. Noriega</u>, 764 F.Supp. 1480, 1493 (S.D.Fla.1991). "'The mere hope that some exculpatory material might turn up' is insufficient."

3

United States v. Cuthbertson, 630 F.2d 139, 146 (3rd Cir.1980). "The specificity requirement ensures that a Rule 17(c) subpoena will not be used as a 'fishing expedition to see what may turn up.'" United States v. Libby, 432 F.Supp.2d 26, 31 (D.D.C. 2006) citing United States v. King, 164 F.R.D. 542, 545 (D.Kan.1996).[1]

In analyzing the specificity prong of Rule 17(c), the Supreme Court ruled in Nixon that, although Rule 17(c) did not require "exquisite specificity," it did, nevertheless, require that the party seeking the documents show that "there is a 'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence." Libby, 432 F.Supp.2d at 31 citing United States v. Nixon, 418 U.S. 683, 700 (1974).

## IV.  ARGUMENT

### a. Since the Defendant Has Failed to Comply with the Mandates of Fed. R. Crim. P. 17, the Department Requests that This Court Quash the Defendant's Subpoena Seeking the Production of Third Party Records

In the instant case, the Defendant has failed to make a threshold showing that the requested records are relevant and beneficial to his case. Rule 17 requires that the requesting party make a showing of (1) relevancy; (2) admissibility; and (3) specificity.  Here, the defendant simply requested the records without any attempt to make the necessary showing of relevancy, admissibility and specificity. A subpoena which fails to satisfy any of these criteria will be deemed to be "unreasonable or oppressive" and, therefore, not subject to court enforcement.  See United States v. North, 708 F.Supp. 402, 404 (D.D.C.1989)(concluding that the government's Rule 17(c) subpoena had to be quashed because it failed to satisfy the relevance, admissibility, and specificity requirements).

The Defendant has, moreover, failed to make a threshold showing as to how "all" Department files, notes, and documents are admissible in his case.  In determining whether a

subpoena satisfies the relevance and admissibility tests under Rule 17(c), the Court must first assess whether the documents designated by the subpoena have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401." United States v. Libby, 432 F.Supp.2d 26, 31 (D.D.C. 2006). In the event that the Court considers the designated documents relevant, it must then determine if the records being sought are admissible. "This inquiry is largely governed by the Federal Rules of Evidence." Id. Documents sought merely for the purpose of impeachment are generally not subject to production under Rule 17(c). See United States v. Nixon, 418 U.S. 683, 701 (1974)(" [g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."). "Only materials that are admissible as evidence are subject to subpoena under ... Rule 17." United States v. Cuthbertson, 651 F.2d 189, 192 (3rd Cir.), cert. denied, 102 S.Ct. 604 (1981). In this case, the Defendant has made no showing as to how "all" Department records would be "admissible" evidence for purposes of a Rule 17 analysis.

Lastly, the Defendant's request for the production of "all" Department files, notes, and documents also signals that the defendant is engaging in an improper "fishing expedition" to determine if potentially relevant evidence exists. As the King court observed, "[r]equesting entire files instead of specific documents indicates a fishing expedition." United States v. King, supra, at 545. See also United States v. Jackson, 155 F .R.D. 664, 668 (D.Kan.1994)(citing United States v. Reed, 726 F.2d 570, 577 (9th Cir.), cert. denied, 469 U.S. 871 (1984). A party seeking production of documents under Rule 17(c) "must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial." United States v. Jackson, 155 F.R.D. at 668. "Use of terms such as 'any

and all documents' or 'including, but not limited to' indicates a fishing expedition." United States v. Shinderman, 232 F.R.D. 147, 152 (D.Me.2005)(citing United States v. Jackson, 155 F.R.D. at 668). The Defendant had failed to  explain in any way how the contents of *specific* State Police records are relevant or admissible. "The mere hope that some exculpatory material might turn up is insufficient." United States v. Cuthbertson, 630 F.2d 139, 146 (3rd Cir.1980).

      b.  *The law enforcement privilege applies to the documents being requested by the Defendant.*

The Defendant in this matter is seeking any and all documentation regarding "his work as a cooperating source for the Mass State Police or any joint federal/state investigation." This type of information regarding an individual's work as a confidential informant or cooperating witness for the Department is exempt from disclosure under the law enforcement privilege. The law enforcement privilege is designed to "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995). An investigation does not need to be ongoing for the law enforcement privilege to apply, as the ability of law enforcement to conduct future investigations may be jeopardized if certain information is disclosed publicly. *See* In re The City of New York, 607 F.3d 923, 944 (2d Cir. 2010). The types of documents being sought by Mr. Giannetta contain detailed information about State Police investigations and the techniques utilized when working with a cooperating witness or confidential informant. The requested reports may be related to ongoing investigations for which Mr. Giannetta participated or assisted or investigations which resulted in the arrest of an individual. The disclosure of this information, particularly information regarding the handling of

Case 1:16-cr-10320-PBS   Document 464   Filed 01/08/19   Page 7 of 13

confidential informants, would undermine the safety of law enforcement personnel and would likely undermine the ability of Department to conduct future investigations utilizing the same techniques. Additionally, the disclosure of this information may jeopardize active and ongoing criminal investigations in which the Defendant was once involved.

Mr. Giannetta has failed to overcome the presumption against disclosure of this type of law enforcement information. In order to rebut the presumption, the Defendant must demonstrate that: 1. his suit is not frivolous and brought in good faith, 2. The information sought is not available through other means, and 3. The information being sought is important to the Defendant's case. See In re The City of New York, 607 F.3d at 945. Even if a Defendant were to demonstrate a compelling need for the information being sought, disclosure is only permitted if that compelling need outweighs the public interest in non-disclosure. As discussed in section A of the Department's argument, Mr. Giannetta has made no showing of relevancy, admissibility, or explained with specificity what he believes these documents may contain and how they will assist in his defense. As a result, the Defendant has failed to meet his burden under both Rule 17 as well as under the law enforcement privilege.

## V.   CONCLUSION

WHEREFORE, for the foregoing reasons, the Department respectfully requests that this Honorable Court deny the defendant's Rule 17 motion for Department internal affairs records.

> Respectfully Submitted,
> Massachusetts Department of State Police,
>
> By its attorney,
>
> _____
> Siobhan E. Kelly, BBO#691672
> Massachusetts State Police
> 470 Worcester Road
> Framingham, MA 01702

7

(508) 820-2337

Dated: January 4, 2019

**CERTIFICATE OF SERVICE**

    I hereby certify that this NON-PARTY, MASSACHUSETTS DEPARTMENT OF STATE POLICE'S OPPOSITION TO THE DEFENDANT'S RULE 17 MOTION was mailed to the Court via UPS Next Day Air on January 4, 2019.

_____
Siobhan E. Kelly

Dated: January 4, 2019

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | C.A. No.: 1:16-cr-10320-GAO-2 |
| v. | ) | |
| | ) | |
| JAMES GIANNETTA | ) | |
| | ) | |
| Defendant | ) | |

## NON-PARTY, MASSACHUSETTS DEPARTMENT OF STATE POLICE'S MOTION TO QUASH THE DEFENDANT'S SUBPOENA

Now comes non-party, the Massachusetts Department of State Police

("Department"), in the above entitled criminal action, and pursuant to Fed. R. Crim. P.

17(c)(2) hereby requests that the Court quash the Defendant, James Giannetta's Trial

Subpoena insofar as it seeks confidential informant information relating to the

Massachusetts State Police. In support of its Motion, the Department submits the attached

Memorandum of Law In Support of the Motion to Quash.

> Respectfully Submitted,
> The Massachusetts Department
> of State Police,
> By its attorney,
>
> _____
> Siobhan E. Kelly
> BBO No. 691672
> Staff Counsel
> Department of State Police
> 470 Worcester Road
> Framingham, MA 01702
> (508) 820-2337

Dated: January 4, 2019

## CERTIFICATE OF SERVICE

I, Siobhan E. Kelly, counsel for the Massachusetts State Police, hereby certify that
true copy of the above document was served upon the below listed attorneys via
electronic mail on this 4th day of January, 2019.

> Jared C. Dolan
> United States Attorney's Office MA
> 1 Courthouse Way
> Suite 9200
> Boston, MA 02210
> 617-748-3220
> jared.dolan@usdoj.gov
>
> Joan Griffin, Esq
> P.O. Box 133
> Dublin, NH 03444
> Griffin@lawjmg.com

Siobhan E. Kelly, Esq.

# EXHIBIT A

## Defendant's Subpoena Attached

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
District of Massachusetts

RECEIVED

NOV 2 8 2018

OFFICE OF THE CHIEF LEGAL COUNSEL
MASS STATE POLICE

| United States of America | ) |
| v. | ) |
| James Giannetta | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

Case No.  1:16-cr-10320-GAO-2

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Keeper of Records, Massachusetts State Police
420 Worcester Rd, Framingham MA 01702

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects: All files, notes, documents regarding James Giannetta including his work as a cooperating source for the Mass State Police or any joint federal state investigation including any info it between *

| Place: Moakley US Courthouse, Courtroom #22 | Date and Time: |
| 1 Courthouse Way, Boston MA 02240 | January 14, 2019, 9 Am |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena, Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. * James Giannetta and MSP Trooper Shawn Murray

*(SEAL)*

Date:  10/31/18

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James Giannetta , who requests this subpoena, are:

Joan Griffin, PO Box 133, Dublin NH 03444
Griffin @ Law JMG . com , 617 283 - 0954

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

   **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

   **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

   **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

   **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

   **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).