UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff,** | )<br>)<br>)<br>) |  |
| v. | ) | CASE NO. 16-CR-10320-GAO |
| **JAMES GIANNETTA, ET AL.**<br>    **Defendant.** | )<br>)<br>)<br>)<br>) |  |

## OPPOSITION TO MASS STATE POLICE MOTION TO QUASH RULE 17 SUBPOENA BY DEFENDANT JAMES GIANNETTA

The Defendant James Giannetta opposes the Mass State Police motion to quash Rule 17 subpoena, Docket #464, on the ground that the requested documents are relevant and necessary to Mr. Giannetta's defense.

Specifically, the defendant expects that the subpoenaed documents/file will show that Mr. Giannetta worked as a government informant who cultivated relationships with known drug dealers. The defendant intends to offer this evidence to counter the government's anticipated evidence of the defendant's contacts with his codefendants and argument that those contacts support an inference that Mr. Giannetta was involved in the charged conspiracy with them.

More specifically, the defendant expects that the subpoenaed documents will show, consistent with Mr. Giannetta's DEA informant file produced to the defendant by the government in this case[1], that Mass State Trooper Shawn Murray was Mr. Giannetta's "handler" and that, in between Mr. Giannetta's periods of being an active informant for government agencies, Mr.

---

[1] Mr. Giannetta's DEA informant file was produced to the defendant under seal and therefore copies of relevant sections are not attached as exhibits to this motion but can be made available to the court for *in camera* review if requested.

Giannetta kept in touch with potential targets of government drug investigations and developed cases which he then presented to Trooper Murray and law enforcement agencies. Mr. Giannetta earned money as well as consideration in his own pending cases for the perspective cases he brought to law enforcement which resulted in actual investigations, arrests and prosecutions.

The defendant expects that the subpoenaed state police documents will show that Mr. Giannetta continued reporting potential targets to Trooper Murray throughout the period of the charged conspiracy. This evidence directly counters the government's argument that Mr. Giannetta's contacts with alleged co-conspirators during the charged period create an inference that he was a member of the charged conspiracy. On the contrary, evidence of those contacts simply shows Mr. Giannetta pursuing his sideline occupation as a prospective and actual government informant. In a conspiracy case, contacts between alleged co-conspirators are often essential incriminating evidence that the defendant was part of a conspiracy involving those other members. The anticipated evidence concerning Mr. Giannetta's long time cooperation with law enforcement and his unofficial prospecting for additional targets and cases is directly relevant to his defense that his communications with his codefendants do not support an inference that he was a member of the charged conspiracy with them.

Production of the Mass State police file is necessary because the DEA file does not record contacts between Mr. Giannetta and Trooper Murray after 2011. The defendant continued meeting with Trooper Murray and assisting the state police with cases after 2011 and up to and including during the term of the alleged conspiracy and those contacts and activities would be reflected in the state police file.

For the foregoing reasons, the motion to quash, Docket #464 , should be denied.

Respectfully Submitted,

JAMES GIANNETTA

By his attorney,

/s/ Joan M. Griffin
Joan M. Griffin (BBO# 549522)
PO Box 133
Dublin, NH 03444
griffin@lawjmg.com
(617) 283-0954

Date: January 9, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was served on all parties of record by ECF filing on January 9, 2019.

/s/ Joan M. Griffin
Joan M. Griffin