UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES GIANNETTA<br><br>Defendant | CRIMINAL No. 16-10320 PBS |

**STATUS UPDATE AND UNRESOLVED ISSUES**

**I.   INTRODUCTION**

The United States of America, by and through undersigned counsel, submit the following status update in advance of the hearing scheduled for February 14, 2019.

**II.   DEFENDANT'S MOTION TO COMPEL**

In response to the Court's Order, the government has provided additional discovery to the defendant regarding the USPIS Laboratory, including (1) proficiency results for the testifying chemist for the years covered by the forensic testing conducted in this case; (2) the audit results by the Laboratory's accreditation body for the years that forensic testing was conducted in this case; and the results from the validation study of the quantitative testing method used for determining methamphetamine purity.  Upon initial review, the defendant has indicated that he does not intend to request additional discovery regarding the USPIS laboratory.  However, the defendant reserves the right to request additional discovery after his expert reviews the material. The government reserves the right to oppose any additional discovery requests.

**III.     PROFFER REGARDING GIANNETTA'S PRIOR DRUG TRAFFICKING**

As stated in the government's opposition to the defendant's motion to exclude 404(b) evidence, the government expects to elicit limited evidence regarding witnesses prior drug trafficking relationship with Giannetta. At this time, the government expects that this evidence will be limited to two witnesses, Bruce Reisman and Jesse Gillis. As to Bruce Reisman, the government expects that Reisman will testify that he has known Giannetta for a long time and that he was aware the Giannetta was selling methamphetamine prior to the date that the superseding indictment alleges that conspiracy began,[1] that he purchased methamphetamine from Giannetta during this period, and that he continued to purchase methamphetamine with increasing regularity over time. As to Jesse Gillis, the government expects Gillis to testify that Giannetta was introduced to him as a methamphetamine dealer at the beginning of the conspiracy.

**IV.     GIANNETTA'S STATEMENT TO LAW ENFORCEMENT**

At the last hearing, the Court directed the parties to confer regarding excerpts of the defendant's recorded statement to law enforcement. The parties have done so and reached agreement on most of the excerpts, both those which the government seeks to play and those designated by the defendant pursuant to the rule of completeness. However, both parties have a few remaining objections to portions of the defendant's statement. Attached to this motion as an exhibit is an updated transcript of that statement. Highlighted in yellow are portions of the defendant's interview that the parties have agreed upon. Highlighted in red are potions of the defendant's interview that the defendant has designated to which the government objects.

---

[1] The superseding indictment alleges that the conspiracy began on a date unknown, but no later than January 1, 2013.

Highlighted in blue is a portion of the defendant's interview that the government has designated to which the defendant objects. The parties respectfully request an opportunity to resolve all objections at the February 14, 2019 hearing.

V.     **EVIDENCE OF DEFENDANT'S PRIOR COOPERATION WITH LAW ENFORCEMENT**

The government continues to object to the introduction of any evidence that Giannetta previously cooperated with law enforcement for the reasons stated in the government's opposition to defendant's motion to strike and response regarding public authority defense.

In addition, as the government stated at the hearing, allowing in evidence of defendant's prior cooperation with law enforcement would open the door to the details of his prior methamphetamine trafficking to show the reason for that cooperation. If the defendant is allowed to introduce evidence supporting a theory that his continued contact with drug dealers was in furtherance of cooperation with law enforcement, the government should be allowed to introduce evidence and argue that his purported cooperation with law enforcement was used as a cover for drug trafficking. As a proffer, and for example, the defendant has marked as Defense Exhibit 2 a DEA report memorializing a debriefing of the defendant to work as a confidential source. That reactivation debriefing occurred on June 14, 2010. Should that report be referenced or introduced, the government would be entitled to reference the defendant's subsequent arrest in November 2010 for coordinating a shipment of methamphetamine from California to Boston. The report documenting the subsequent search of the defendant's residence is attached as an exhibit.

This is but one example in a pattern that first started approximately thirty-years ago. See United States v. Giannetta, 785 F. Supp. 13, 14 (D. Me 1992) (noting that prior decision of leniency was based on "long record of significant cooperation with law enforcement authorities

in connection with illicit drug transactions). The government cannot tell whether the defendant will open the door to his 2010 methamphetamine trafficking arrest, his 2006 methamphetamine trafficking conviction, his drug trafficking conduct in the 80's, or all of the above. But should the defendant try to tell half the story about his interactions with law enforcement, the government is entitled to complete the picture.

## VI. TRIAL ISSUES

The parties are continuing to discuss potential stipulations to limit the necessity of records custodians and witnesses that merely authenticate evidence. Similarly, the parties are engaged in discussions concerning evidence that was extracted from seized cell phones. There is an agreement in principle for the authentication of much of that evidence; however, each party anticipates that it will be reserving all other objections to admission, including relevance and hearsay.

                                  Respectfully submitted,

                                  ANDREW E. LELLING
                                  United States Attorney

                By:    */s/ Jared Dolan*_____
                          JARED C. DOLAN
                          JAMES E. ARNOLD
                          Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            /s/ *Jared Dolan*
                                            JARED C. DOLAN
                                            Assistant United States Attorney

Date: February 12, 2019