# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>         **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**JAMES GIANNETTA** )<br>         **Defendant.** )<br>_____) | **CASE NO. 16-CR-10320-PBS** |

## DEFENDANT JAMES GIANNETTA'S REPLY IN SUPPORT OF MOTION FOR RELEASE ON CONDITIONS PENDING SENTENCING

The government does not dispute the facts asserted by the defendant showing exceptional reasons why detention pending sentencing is inappropriate: The government does not even mention in its opposition much less dispute that Mr. Castillo's recent unexpected death completely upended plans for the care of Mr. Giannetta's elderly parents after Mr. Giannetta's incarceration, and the government concedes that Mr. Giannetta suffers from serious health conditions.

Instead, the government commences its opposition with quotations from Mr. Giannetta's prior federal case in which the judge "criticized the government for relying on Giannetta and trusting his good word." Government Opposition, page 1. But since the government, including the federal government and the DEA, continued to use Mr. Giannetta as an informant for the next 20+ years, they apparently did not find him unreliable.

The government relies on generalities and the "mandatory" nature of the statute to oppose the defendant's motion. But the defendant has met his burden to show exceptional reasons why

1

detention would not be appropriate and the court should in its discretion release him on
conditions pending sentencing.

Legal Standard

The government cites the bail statute's requirement of mandatory detention for a
defendant such as Mr. Giannetta who has pled guilty to a serious drug felony but acknowledges
as they must that the court has discretion upon a showing of exceptional circumstances to grant
release on conditions. The government acknowledges again as they must that there is no
categorical exclusion of grounds for release and the court may in its discretion order release upon
a showing of "a unique combination of circumstances giving rise to situations that are out of the
ordinary." Government Brief, p. 3 (internal quotations and citations omitted).

Moreover, the court may and should consider that in imposing mandatory detention in
cases of nonviolent drug felonies the bail statute is out of step with the First Step Act. While the
court is bound by the law as it stands, the court can consider the potential unfairness of the bail
statute's requirement in drug cases in deciding whether to exercise discretion upon a showing of
exceptional circumstances by the defendant. Here, there is no dispute that were this a case of
money laundering alone, for example, the defendant would be entitled to release on conditions
pending sentencing under the statute. *See, e.g., United States v DiSomma,* 951 F.2d 491, 498 (2d
Cir. 1991) ("It is clear that had DiSomma been convicted of a non-violent crime, he would have
been released by the trial judge because he fulfilled the requirements of section 3143(b)(1).")

Unforeseeable Family Obligations

While the government cites case law stating the general proposition that family
obligations do not ordinarily constitute exceptional circumstances, they do not respond to the

specific assertion that this case out of the ordinary because of Mr. Castillo's unexpected death. As a result of Mr. Castillo's not being available to continue to reside with Mr. Giannetta's parents in their Massachusetts home of over 50 years, the Giannettas are taking the completely unexpected step of selling their house and moving to an assisted living facility in Illinois. Mr. Giannetta has only one sibling, a brother who resides in Illinois. Mr. Giannetta's continued release on conditions for the next two months prior to his sentencing will provide invaluable and necessary assistance to his parents in making this unexpected transition.

<u>Immanent Medical Treatment</u>

The government does not dispute that Mr. Giannetta has serious health conditions. To the extent the government had any genuine concerns regarding the authenticity of the medical records submitted in support of the motion, the defendant informed the government that he had provided those same records to the probation officer preparing the presentence report and had signed blank waivers to enable probation to obtain any necessary medical records. The defendant informed the government that, while he would not execute any additional medical waivers in favor of the government, they should coordinate with probation to obtain any confirmation they believed the court would need to rule on the motion.

The essential tremors from which Mr. Giannetta suffers were evident to the court at the last hearing. The medical records indicate that he has tried all available medications but has been unable to obtain relief. The Deep Brain Stimulation procedure does carry risks but it is the only option left.  It is in everyone's interest to permit Mr. Giannetta to remain on release so that he can attend his rescheduled appointment on March 27, 2019.

Respectfully Submitted,


JAMES GIANNETTA
By his attorney,

/s/ Joan M. Griffin
Joan M. Griffin (BBO# 549522)
PO Box 133
Dublin, NH 03444
Griffin@LawJMG.com, (617) 283-0954

March 15, 2019



## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on all parties of record by ECF filing

on March 15, 2019.


/s/ Joan M. Griffin
Joan M. Griffin